**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TILL STEYER,<br><br>                              Plaintiff,<br><br><br>                    v.<br><br><br>GRACE ROGERS, BERNARD GOODWIN,<br>GEORGE HAYMAN, HERBERT<br>SMYCZEK, M.D. & JOHN HOCHBERG,<br>M.D.<br><br>                              Defendants. | Civ. No. 07-3350 (DRD)<br><br><br>**O P I N I O N** |

*Appearances by:*

Till Steyer
Adult Diagnostic & Treatment Center
8 Production Way, P.O. Box 190
Avenel, NJ 07001

          *Pro se Plaintiff*

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
Susan M. Scott, Deputy Attorney General
 R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625

          *Attorneys for Defendants Grace Rogers, Bernard Goodwin & George Hayman*

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
Frances Wang Deveney, Esq.

6981 N. Park Drive, Suite 300
Pennsauken, NJ 08109

*Attorneys for Defendants Herbert Smyczek, M.D. & John Hochberg, M.D.*

**DEBEVOISE, Senior District Judge**

Pro se Plaintiff, Till Steyer, is a prisoner confined at the Adult Diagnostic & Treatment Center ("ADTC") in Avenel, New Jersey. Steyer brings this action pursuant to 42 U.S.C. § 1983 and alleges in his Complaint that Defendants Grace Rogers, Head Administrator of ADTC; Bernard Goodwin, Senior Administrator of ADTC; George Hayman, Commissioner of New Jersey State Prisons; Herbert Smyczek, M.D., doctor at ADTC through CMS Corp.; and John Hochberg, M.D., doctor at Northern State Prison through CMS Corp., have violated his First, Fifth, Eighth, and Fourteenth Amendment rights. Steyer has also alleged a violation of the New Jersey Clean Air Act, N.J. Stat. Ann. § 26.3D 55-63.

Although Steyer does not assert an explicit basis for his claims, he lists a series of events which seem to suggest inadequate medical attention on the part of Defendants. Specifically, Steyer alleges that Defendant Grace Rogers, Head Administrator of ADTC, did not answer numerous remedy forms submitted by Steyer, and therefore she did not fulfill her official duty. The remainder of Steyer's allegations do not address any particular defendant. Steyer generally alleges that he complained about medical symptoms and received inadequate attention from ADTC staff.

Defendants now move to dismiss Steyer's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Because Steyer has failed to state any claims for relief, Defendants' motion to dismiss will be granted.

2

# I.  BACKGROUND

Steyer has been at the ADTC, a correctional facility operated by the New Jersey Department of Corrections, since May 30, 2002.  Steyer's Complaint lists a series of events that occurred over the course of two months, from April until June 2007.  (See Compl. at 6-9.) Throughout this time, Steyer alleges that he had experienced irregular heart beats and lack of sleep on a daily basis.  Id.

On April 6, 2007, Steyer first complained to Dr. Smyczek about a "racing" heart. (Compl. at 6.)  The next day, April 7, 2007, Steyer fainted while taking a light walk in the yard and was admitted into the infirmary.  Id.  The following morning, Steyer alleges that he had convulsions for approximately four hours, and that in response to his convulsions, nurses said that they were not impressed with his "theatrics."  (Compl. at 7.)  On April 9, 2007, Steyer reported less severe convulsions lasting approximately two hours.  Id.  The following day, Dr. Smyczek released Steyer from the infirmary "with the notion [he] was in 'hysterics.'"  Id.

On April 11, 2007, Steyer complained of chest pain in three different spots and a clenched jaw.  (Compl. at 7.)  Believing that his request for medical attention would be ignored, Steyer requested to see a psychiatrist.  Id.  After a few hours of waiting for his request to be fulfilled, Steyer attempted suicide by cutting both his arms and legs.  Id.  The nurse immediately called 911 and Steyer was sent by ambulance to Robert Wood Johnson Hospital in Rahway, New Jersey.  Id.  The following day, Steyer alleges that he was transported to Northern State Prison ("NSP"), where he was stripped naked and placed in a single cell for almost five days.  Id.  He claims that the cell had a very filthy foam mattress and was very cold.  Id.  During this time, Steyer was prescribed anti-anxiety and sleep-aid medication, yet he alleges that he was still

unable to sleep sufficiently.  (Compl. at 8.)

Steyer was moved to NSP's Stabilization Unit on April 16, 2007, where he was placed in a single cell with a steel floor; again naked, but with no mattress.  (Compl. at 8.)  The next day, Steyer was finally given clothes and a mattress.  Id.  While at NSP, Steyer complained on a daily basis of severe dizziness, problems with his eyesight, overall weakness, and fluctuating blood pressure.  Id.  Steyer asserts that all such complaints "fell on deaf ears."  Id.

One month later, on May 20, 2007, Steyer was transported from NSP back to ADTC. (Compl. at 8.)  He continued to complain of physical symptoms, including shortness of breath, dizziness, headaches, feeling faint, abnormal blood pressure, and lack of sleep.  (Compl. at 9.) Steyer claims that the ADTC's medical staff is convinced that he is a hypochondriac and does not see his symptoms as being real.  Id.

## II.  DISCUSSION

### A.    Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering a 12(b)(6) motion, the Court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). To survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations," but its "allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  When a plaintiff is pro se, the Court must liberally construe the allegations of the complaint, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by

name." <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003).  In so doing, all factual

allegations must be accepted as true and viewed in the light most favorable to the plaintiff.  <u>Buck</u>

<u>v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006).

**B.    <u>42 U.S.C. § 1983</u>**

In order to state a claim for relief under § 1983, Steyer must show that Defendants were

acting under color of state law and that while acting under color of state law, they deprived him

of a right secured by the Constitution or other federal law.  <u>See</u> <u>Gomez v. Toledo</u>, 446 U.S. 635,

640 (1980); <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 633 (3d Cir. 1995).  Steyer alleges that

Defendants were acting under the color of state law when they deprived him of his First

Amendment right to redress a grievance, his Fifth Amendment right to due process, and his

Eighth Amendment right to receive medical treatment, which are made applicable to the states

through the Fourteenth Amendment.

*(1)  Color of State Law*

There is no question that Rogers, Goodwin, and Hayman were, at all relevant times,

acting under color of state law due to their employment with the New Jersey Department of

Corrections.  <u>See</u> <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 935 n.18 (1982) ("[S]tate

employment is generally sufficient to render the defendant a state actor.").  Furthermore, there is

no question that Doctors Smyczek and Hochberg were acting under color of state law at all

relevant times due to their employment or contractual relationship with the New Jersey

Department of Corrections.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 54 (1988) (stating that a physician,

whether employed directly by the State or employed through contract, acts "under color of state

law for purposes of § 1983 when undertaking his duties in treating [an inmate's] injury").[1]

### (2)  First Amendment

A factual basis for a violation of the First Amendment is not supported by the Complaint. Steyer's opposition to Defendants' motion to dismiss states that his right to redress a grievance was violated in relation to the First Amendment.  However, no allegations are made to explain this claim in the Complaint.  More specifically, no allegations are made to infer a restriction on Steyer's right to religion, speech, press, assembly, or petition to the Government for a redress of grievances.  Therefore, Steyer has failed to allege a violation of his First Amendment rights.

### (3)  Fifth Amendment

The Fifth Amendment guarantees individuals the right to adequate process.  For inmates, this means that administrative action must comport with the appropriate level of process before an inmate can be deprived of a liberty or property interest.  See Young v. Kann, 926 F.2d 1396, 1402 (3d Cir. 1991); Kounelis v. Sherrer, 2008 U.S. Dist. LEXIS 163, at *43 (D.N.J. Jan. 3, 2008).  Because Steyer has made no assertions suggesting a lack of adequate process or deprivation of a protected interest, Steyer has failed to allege a violation of his Fifth Amendment rights.

---

[1]  It is not clear from Steyer's Complaint what type of relief he is seeking.  However, since prospective injunctive relief is all that can be sought from State agents in their official capacity, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989), and a plaintiff seeking monetary relief must proceed against State agents in their individual capacities, Smith v. Wade, 461 U.S. 30, 35 (1983), the Court will assume that Steyer is seeking monetary relief from Defendants in their individual capacity.

*(4) Eighth Amendment*

The Eight Amendment protects inmates from cruel and unusual punishment.  The modern interpretation of "cruel and unusual punishment" includes broader concepts of decency than the original meaning.  See Estelle, 429 U.S. at 102 (stating that although originally a protection against "physically barbarous punishments," the Eighth Amendment now includes "concepts of dignity, civilized standards, humanity, and decency").  Following this evolution of a decency standard, the Eighth Amendment now provides for a prisoner's right to medical treatment by the government.  Id. at 103.

To establish a violation of a prisoner's right to medical treatment, the plaintiff must show that the defendant acted with "deliberate indifference."  Estelle, 429 U.S. at 104-05.  Deliberate indifference requires that the defendant sufficiently acted or omitted to act in some way.  Id. at 106.  A plaintiff must allege that such acts or omissions were completed with a sufficiently culpable state of mind, Wilson v. Seiter, 501 U.S. 294, 298 (1991), and the plaintiff must connect his factual allegations to the defendant's alleged culpable state of mind, Spruill v. Gillis, 372 F.3d 218, 237 (3d Cir. 2004).

Simply knowing and disregarding an excessive risk to a prisoner's health or safety is considered deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  However, accidental or negligent treatment is not enough to show deliberate indifference.  See Estelle, 429 U.S. at 105-06.  Furthermore, there is no violation under the Eighth Amendment when a plaintiff and defendant merely disagree on the choice of treatment.  See Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); Estelle, 429 U.S. at 107 (explaining that

7

"[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment").

The deliberate indifference standard is met when prison officials (1) "deny reasonable requests for medical treatment" that cause "undue suffering or the threat of tangible residual injury"; (2) intentionally refuse medical treatment that an official knows is necessary; (3) delay necessary medical treatment for a non-medical reason; (4) create "arbitrary and burdensome procedures" that delay or deny medical treatment; or (5) "prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment."  See Monmouth v. Lanzaro, 834 F.2d at 346-47.

In this case, Steyer's Complaint does not allege that his request for medical treatment was unreasonably denied.  He only alleges that he did not receive adequate treatment.  However, mere disagreement with the doctor's choice of treatment does not constitute deliberate indifference. See Monmouth County Corr. Ins. Inmates, 834 F.3d at 346.  Although Steyer alleged no psychiatrist arrived when he requested it, he only waited three and a half hours before attempting suicide.  Waiting this amount of time does not appear to be unreasonable, nor has Steyer alleged it to be.  Steyer also fails to allege any culpable actions on the part of the Defendants, intentional delays in treatment, or any serious prevention of treatment.  Further, Steyer admits that he was repeatedly treated by doctors and nurses when he complained of physical ailments.  Therefore, because Steyer has alleged unsatisfactory medical treatment, but has not made any factual assertions of deliberate indifference, only conclusory statements, Steyer has failed to state a violation of his Eighth Amendment rights.

**C.**     **42 U.S.C. § 1997e**

Steyer also invokes 42 U.S.C. § 1997e in his Complaint.  Despite its title "Suits by prisoners," § 1997e provides no cause of action for inmates.  Rather, § 1997e limits the remedies available to an inmate who brings an action under § 1983 and imposes other requirements on such actions, including exhaustion of administrative remedies and actual physical harm in certain cases.  Indeed, subsection (e) requires a prior showing of a physical injury in order to bring an action claiming mental or emotional injury.

Steyer does not allege any physical injury suffered at the hands of Defendants.  His only injuries were self-inflicted and resulted from his suicide attempt.  (Compl. at 7.)  Therefore, even if Steyer's Complaint had stated a cause of action under § 1983, it would be barred by § 1997e(e) because Steyer has failed to allege a prior physical injury.

**D.**     **Clean Air Act Claim**

Steyer also asserts a claim under the "New Jersey Clean Air Act, N.J. Stat. Ann. § 26.3D 55-63."  (Compl. at 2.)  However, there is no such thing as the New Jersey Clean Air Act and N.J. Stat. Ann. § 26.3D 55-63 is the reference for the New Jersey Smoke-Free Air Act.  Thus, it is unclear whether Steyer intended to rely on the Federal Clean Air Act, 42 U.S.C. § 7401 et. seq. or the New Jersey Smoke-Free Air Act, N.J. Stat. Ann. § 26:3D 55-63.  However, the confusion creates no issue because Steyer has failed to state a claim under either act.

The Federal Clean Air Act allows citizens to bring suit against the United States or a government instrumentality or agency for violations of emission standards.  42 U.S.C. § 7604.  An inmate has a constitutional right to a smoke-free environment.  Helling v. McKinney, 509 U.S. 25 (1993).  Steyer does not allege any facts relating to exposure to emissions or second-hand smoke.

9

Therefore, Steyer has failed to state a claim under the Federal Clean Air Act.

The New Jersey Smoke-Free Air Act prohibits smoking in indoor public places or workplaces.  N.J. Stat. Ann. §26:3D-58.  Again, Steyer does not assert any facts alleging a situation where he was exposed to smoke in any way.  Therefore, no claim has been stated under the Smoke-Free Air Act.

### III.  CONCLUSION

For the reasons set forth above, Steyer's Complaint has failed to state a claim under § 1983 for violations of his First, Fifth, or Eighth Amendment rights.  In addition, Steyer's claims are prohibited by § 1997e because Steyer has failed to allege physical manifestations of his alleged mental or emotional injuries.  Finally, Steyer's Complaint has failed to state a claim under either the Federal Clean Air Act or the New Jersey Smoke-Free Air Act.  Therefore Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted.  The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: February 20, 2008